UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| DANIEL KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA, N.A. | ) |
| | ) |
| and | ) |
| | ) |
| AETNA LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendants | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff, Daniel King, by and through his attorney, hereby complains against Defendants,

Bank of America, N.A. ("BOA"), and Aetna Life Insurance Company ("Aetna"), as follows:

**JURISDICTION**

1)  This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101

et seq. (the "ADA"); the Civil Rights Act of 1991, 42 U.S.C. § 1981a; the Family and Medical

Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"); the Maine Family Medical Leave Requirements,

26 M.R.S. §§ 843-849("Maine FMLR"); and the Maine Human Rights Act ("MHRA"), 5 M.R.S.

§§ 4551 et seq.

2)  This court has proper subject matter jurisdiction over Plaintiff's federal claims pursuant

to 28 U.S.C. § 1331; 42 U.S.C. §§ 2000e-5(f)(3), 12117(a); and 29 U.S.C. § 2617(a)(2).

3)  This court has proper supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367(a).

4)  Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, 2202; 29 U.S.C. § 2617; 42 U.S.C.  § 2000e-5; 5 M.R.S. § 4613(2)(B); and 26 M.R.S. § 848.

5)  Compensatory and punitive damages are sought pursuant to 42 U.S.C.  § 1981a and 5 M.R.S.  § 4613(2)(B)(8).

6)  Liquidated damages are sought pursuant to 29 U.S.C. § 2617 and 26 M.R.S. § 848.

7)  Costs and attorney's fees are sought pursuant to 29 U.S.C. § 2617; 42 U.S.C.  § 2000e-5(k); 42 U.S.C.  § 12205; 26 M.R.S. § 848; 5 M.R.S. § 4614; and Federal Rule of Civil Procedure 54.

**PARTIES**

8)  Plaintiff is a citizen of the United States and the State of Maine who resides in the Town of Searsport, County of Waldo, State of Maine.

9)  BOA is a federally chartered bank headquartered in the City of Charlotte, State of North Carolina.

10) Aetna is a Connecticut corporation with headquarters in the City of Hartford, State of Connecticut.

11) This action properly lies in the District of Maine pursuant to 28 U.S.C.  § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

12) This action is properly filed and shall be tried in Bangor because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Waldo County, Maine.

2

13) At all material times, BOA was engaged in an industry affecting commerce and had more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

14) At all material times, Aetna was engaged in an industry affecting commerce and had more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

## ADMINISTRATIVE EXHAUSTION

15) On or about April 4, 2014, Plaintiff filed a charge of employment discrimination against BOA and Aetna with the Maine Human Rights Commission ("MHRC") and the Equal Employment Opportunity Commission ("EEOC").

16) On October 24, 2014, the MHRC issued Plaintiff a right-to-sue letter pursuant to the MHRA, 5 M.R.S. § 4612(6).

17) On October 21, 2014, the EEOC mailed Plaintiff a notice of right to sue pursuant to the ADA, 42 U.S.C. §§ 2000e-5(f)(1), 12117.

## STATEMENT OF FACTS

18) Plaintiff began working for BOA in June 2003. At the time of his termination in June 2013, he was a Customer Marketing Sales Specialist at the BOA Belfast, Maine, location.

19) During his employment, Plaintiff had physical and mental impairments, including asthma, type 1 diabetes, major depressive disorder, and anxiety.

20) Plaintiff's asthma substantially limited his ability to breath and the operation of his respiratory system.

21) Plaintiff's diabetes substantially limited his endocrine and digestive systems.

22) Plaintiff's major depressive disorder and anxiety substantially limited his ability to concentrate, think, communicate, and work, as well as the operation of his neurological and brain functions.

23) Plaintiff's asthma, diabetes, major depressive disorder, and anxiety are "disabilities" pursuant to the ADA.

24) Plaintiff's asthma, diabetes, major depressive disorder, and anxiety are also "disabilities" pursuant to the ADA because he was subjected to the adverse job actions alleged herein because of those impairments.

25) Plaintiff's diabetes and major depressive disorder are per se "physical or mental disabilities" pursuant to the MHRA, 5 M.R.S. § 4553-A(1)(B).

26) Plaintiff's asthma and anxiety are "physical or mental disabilities" under the MHRA because they significantly impaired his physical or mental health, meaning they had an actual or expected duration of more than 6 months and impaired his physical or mental health to a significant extent as compared to what is ordinarily experienced in the general population.

27) During his employment, Plaintiff took several leaves of absence for his asthma, diabetes, major depressive disorder, and anxiety under the FMLA, the Maine FMLR, the ADA, and the MHRA.

28) On May 11, 2013, Plaintiff went on a medical leave due to his asthma and diabetes. He was also experiencing symptoms of his depression and anxiety, which interfered with his ability to communicate, think, and work.

29) At the time, Plaintiff had worked for BOA for more than 12 consecutive months and had worked at least 1,250 hours during the previous 12-month period.

30) While on leave, Plaintiff was under the continuing treatment of health care providers, including his primary care provider, a physician assistant.

31) On Monday, June 17, 2013, Plaintiff spoke with his immediate supervisor at BOA, Matthew Brennick, and said he was ready to return to work.

32) Mr. Brennick told Plaintiff to contact Aetna and that he needed a letter from his medical provider clearing him to return to work. He said he needed the letter within 24 hours.

33) Plaintiff contacted Aetna and his primary care provider's office immediately, as instructed by Mr. Brennick.

34) Due to a delay on its part, however, the provider's office did not relay the message to his provider that he needed the letter until the evening of Thursday, June 20th.

35) That evening, his provider faxed a letter stating that Plaintiff was medically cleared to return to work as of June 17th. He explained that Plaintiff's request had been "inappropriately delayed in reaching me to be addressed until this evening," that there was no medical contraindication to Plaintiff's returning to his full job duties as of June 17th, and that Plaintiff "should not be penalized due to the delay on my part in notifying you of this fact."

36) Nevertheless, sometime between Saturday, June 22nd, and Tuesday, June 25th, Mr. Brennick told Plaintiff that he had lost his job on Tuesday, June 18, 2013, because he had failed to provide the provider's note within 24 hours.

37) When Plaintiff asked why he was being fired in light of what had happened with his provider's office, Mr. Brennick told him that Plaintiff needed to talk with BOA's "Advice and Counsel," which is the number for BOA employees to call with human resources issues.

38) Plaintiff called Advice and Counsel and explained what had happened.

39) Nevertheless, Advice and Counsel told Plaintiff that the termination decision would not be changed. Advice and Counsel said that it had been Aetna's decision.

40) At all material times, BOA authorized Aetna to process and decide eligibility for FMLA, Maine FMLR, ADA, and MHRA leaves of absence for BOA employees when those leaves were greater than five days.

41) At all material times, BOA directed Plaintiff to provide information to Aetna to justify his continued leave of absence.

42) At all material times, Aetna interacted with Plaintiff and directed the information he was to produce.

43) Aetna informed BOA to discontinue Plaintiff's leave of absence and to terminate Plaintiff's employment for failure to provide necessary documentation.

44) Based on information and belief, Aetna informed BOA not to reconsider its termination decision after learning the reason Plaintiff's provider had not provided clearance by June 18th for him to return to work.

45) The reasons given for Plaintiff's termination are a pretext.

46) BOA and Aetna intentionally terminated Plaintiff's employment because of his asthma, diabetes, major depressive disorder, and anxiety.

47) BOA and Aetna intentionally terminated Plaintiff's employment because he took leaves of absence for his asthma, diabetes, and major depressive disorder in between May and June 2013 and earlier during his employment.

48) BOA and Aetna acted with reckless indifference to Plaintiff's rights under the ADA and the MHRA.

49) As a result of Defendants' unlawful discrimination in employment against Plaintiff as alleged herein, Plaintiff has suffered lost wages, lost benefits, loss of enjoyment of life, loss of self-esteem, injury to reputation, injury to career, emotional distress, and other pecuniary and non-pecuniary losses.

50) Plaintiff has no plain, adequate, or complete remedy at law to fully redress the wrongs alleged, and he will continue to suffer irreparable injury from his treatment by Defendants unless Defendants are enjoined by this court.

## COUNT I:  ADA
## BOA

51) Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1-50 as if fully set forth herein.

52) At all material times, Plaintiff was qualified to work for BOA and Aetna, meaning, with or without reasonable accommodation, he could perform the essential functions of his job.

53) BOA discharged Plaintiff from employment on the basis of disability, in violation of the ADA.

54) BOA discharged Plaintiff because he exercised his right to a reasonable accommodation under the ADA, in violation of the ADA.

55) BOA denied Plaintiff a reasonable accommodation of returning him to his previous position after returning from a disability-related leave of absence.

## COUNT II:  ADA
## AETNA

56) Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1-55 as if fully set forth herein.

57) Aetna discharged Plaintiff from employment on the basis of disability, in violation of the ADA.

58) Aetna discharged Plaintiff from employment because he exercised his right to a reasonable accommodation under the ADA, in violation of the ADA.

59) Aetna denied Plaintiff a reasonable accommodation of being returned to his previous position after returning from a disability-related leave of absence.

60) At all material times, BOA and Aetna were Plaintiff's joint employers for purposes of the ADA.

61) At all material times, Aetna was constructively Plaintiff's employer as an agent of BOA for purposes of the ADA. *See* 42 U.S.C. § 12111(5)(A).

62) At all material times, Aetna interfered with Plaintiff's exercise or enjoyment of his rights granted under the ADA. *See* 42 U.S.C. § 12203(b).

### COUNT III:  MHRA
### BOA

63) Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1-62 as if fully set forth herein.

64) BOA discharged Plaintiff from employment because of physical or mental disability, in violation of the MHRA.

65) BOA discharged Plaintiff because he exercised his right to a reasonable accommodation under the MHRA, in violation of the MHRA.

66) BOA denied Plaintiff a reasonable accommodation of being returned to his previous position after returning from a physical or mental disability-related leave of absence.

## COUNT IV:  MHRA
## AETNA

67) Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1-66 as if fully set forth herein.

68) Aetna discharged Plaintiff from employment because of physical or mental disability, in violation of the MHRA.

69) Aetna discharged Plaintiff because he exercised his right to a reasonable accommodation under the MHRA, in violation of the MHRA.

70) BOA denied Plaintiff a reasonable accommodation of being returned to his previous position after returning from a physical or mental disability-related leave of absence.

71) At all material times, BOA and Aetna were Plaintiff's joint employers for purposes of the MHRA.

72) At all material times, Aetna was constructively Plaintiff's employer as an agent of BOA for purposes of the MHRA. *See* 5 M.R.S. § 4553(4).

73) At all material times, Aetna interfered with Plaintiff's exercise or enjoyment of his rights granted under the MHRA. *See* 5 M.R.S. § 4633(2).

74) At all material times, Aetna aided, abetted, and incited BOA to engage in the unlawful discrimination alleged herein under the MHRA. *See* 5 M.R.S. § 4553(10)(D).

## COUNT V: FMLA
## BOA

75) Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1-74 as if fully set forth herein.

76) BOA discharged Plaintiff from employment because he took FMLA leave.

9

77) BOA failed to return Plaintiff to the same position he held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment.

78) BOA interfered with, restrained, or denied Plaintiff the exercise of or the attempt to exercise, his rights provided under the FMLA, in violation of the FMLA.

## COUNT VI: FMLA
## AETNA

79) Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1-78 as if fully set forth herein.

80) Aetna discharged Plaintiff from employment because he took FMLA leave.

81) Aetna failed to return Plaintiff to the same position he held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment.

82) Aetna interfered with, restrained, or denied Plaintiff the exercise of or the attempt to exercise, his rights provided under the FMLA, in violation of the FMLA.

83) At all material times, BOA and Aetna were Plaintiff's joint employers for purposes of the FMLA.

84) At all material times, Aetna was constructively Plaintiff's employer as an agent of BOA for purposes of the FMLA. *See* 29 U.S.C. § 2611(4)(A)(ii)(I).

## COUNT VII: MAINE FMLR
## BOA

85) Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1-84 as if fully set forth herein.

10

86) BOA discharged Plaintiff from employment because he exercised his right to take Maine FMLR leave, in violation of the Maine FMLR.

87) BOA failed to return Plaintiff to the same position held by him when the leave commenced or to a position with equivalent seniority status, employee benefits, pay and other terms and conditions of employment, in violation of the Maine FMLR.

## COUNT VIII: MAINE FMLR
### AETNA

88) Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1-87 as if fully set forth herein.

89) Aetna discharged Plaintiff from employment because he exercised his right to take Maine FMLR leave, in violation of the Maine FMLR.

90) Aetna failed to return Plaintiff to the same position held by him when the leave commenced or to a position with equivalent seniority status, employee benefits, pay and other terms and conditions of employment, in violation of the Maine FMLR.

91) At all material times, BOA and Aetna were Plaintiff's joint employers for purposes of the Maine FMLR.

92) At all material times, Aetna was constructively Plaintiff's employer as an agent of BOA for purposes of the Maine FMLR. *See* 26 M.R.S. § 843(3)(D).

93) At all material times, Aetna interfered with Plaintiff's exercise or enjoyment of his rights granted under the Maine FMLR. *See* 26 M.R.S. § 847(1).

## DEMAND FOR JURY TRIAL

94) Plaintiff demands a trial by jury on all matters to which Plaintiff has a right to trial by jury.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

(a)     Enter Judgment in his favor;

(b)     Declare the conduct engaged in by Defendants to be in violation of Plaintiff's

rights;

(c)     Enjoin Defendants, their agents, successors, employees, and those acting in

concert with Defendants from continuing to violate the rights of the Plaintiff;

(d)     Order Defendants to employ Plaintiff as if none of the discrimination had

occurred or, in lieu of employment if such employment is determined to be

impracticable, order front pay and benefits;

(e)     Award Plaintiff back pay, lost employment benefits, other lost compensation, and

interest on those amounts;

(f)     Award Plaintiff compensatory damages in an amount to be determined at trial of

this matter;

(g)     Award Plaintiff an amount to offset the state and federal taxes he will be required

to pay for compensatory damages and any increased taxes he will have to pay

because he has received a lump sum for lost wages, employment benefits, or other

lost compensation;

(h)     Award Plaintiff nominal damages;

(i)     Award Plaintiff punitive damages in an amount to be determined at trial of this

matter;

(j)      In the absence of an award of wages, salary, employment benefits or other

         compensation denied or lost, order Defendants to pay liquidated damages of $100

         to Plaintiff for each day that the violation continued, as provided in 26 M.R.S. §

         848(1);

(k)      Award Plaintiff liquidated damages as provided in 26 M.R.S. § 848(2);

(l)      Award Plaintiff liquidated damages as provided in 29 U.S.C. § 2617(a)(1)(A)(iii);

(m)      Award Plaintiff attorney's fees, including legal expenses, expert witness fees, and

         costs of suit;

(n)      Award Plaintiff prejudgment interest; and

(o)      Grant Plaintiff such other and further relief as may be just and proper.

Dated: January 19, 2015                    /s/ John P. Gause

                                           _____
                                           John P. Gause, Esq., Bar No. 8192
                                           Eastern Maine Law, LLC
                                           One Cumberland Place, Suite 314
                                           Bangor, ME 04401
                                           (207) 947-5100
                                           jgause@easternmainelaw.com

                                           ATTORNEY FOR PLAINTIFF

13